UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:09-cr-44 |
| v. ) | |
| ) | MATTICE / LEE |
| TARA WIMBLEY ) | |

REPORT AND RECOMMENDATION

     Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on November 13, 2009. At the hearing, defendant moved to withdraw her not guilty plea to Count One and entered a plea of guilty to the lesser included offense of the charge in Count One, that is of conspiracy to manufacture, distribute, and possess with the intent to distribute Five (5) grams or more of methamphetamine (actual) and Fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

     Therefore, I **RECOMMEND** defendant's motion to withdraw her not guilty plea to Count One be granted, her plea of guilty to the lesser included offense of the charge in Count One, that is of conspiracy to manufacture, distribute, and possess with the intent to distribute Five (5) grams or

more of methamphetamine (actual) and Fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) be accepted, the Court adjudicate defendant guilty of the lesser included offense of the charge in Count One, that is of conspiracy to manufacture, distribute, and possess with the intent to distribute Five (5) grams or more of methamphetamine (actual) and Fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and a decision on whether to accept the plea agreement be deferred until sentencing. Defendant made an oral motion to remain on bond pending sentencing. The government opposed Defendant's oral motion to remain on bond pending sentencing in this matter. Defendant's motion to remain on bond is **DENIED** and defendant's bond is revoked. I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. Failure to file objections within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).